UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMIR IBRAHIMOVIC,

    Plaintiff & Counter-Defendant,   Case No. 09-12907
        Honorable David M. Lawson
v.

MEDMARC CASUALTY INSURANCE CO.,

    Defendant, Counter-Claimant, &
    Third-Party Plaintiff,

v.

DAVID W. ZIMMERMAN,

    Third-Party Defendant

_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

Plaintiff Emir Ibrahimovic commenced this lawsuit under this Court's diversity jurisdiction seeking a declaration of the responsibilities of defendant Medmarc Casualty Insurance Company to provide indemnity under a legal malpractice insurance policy issued to one David Zimmerman, a Michigan attorney. According to the complaint, Mr. Ibrahimovic was injured in an automobile accident and sought advice from Zimmerman as to his right to recover compensation for his loss. Zimmerman concentrated his practice in the area of worker's compensation, so he referred Ibrahimovic's automobile case to an office mate, attorney Robert Mazzara. There is a factual dispute over whether Zimmerman continued to represent Mr. Ibrahimovic in the auto crash case along with Mazzara. It appears that the auto case was settled; however, Mazzara allegedly misappropriated the settlement proceeds. Ibrahimovic then commenced an action in the Macomb County, Michigan circuit court against Zimmerman and Mazzara's estate (Mazzara reportedly

committed suicide after Ibrahimovic's auto case was settled) alleging legal malpractice. Medmarc undertook to represent Zimmerman in that case under a reservation of rights. Medmarc did not insure Mazzara and, of course, did not represent him in the legal malpractice matter.

In the present action, Ibrahimovic did not join Zimmerman as a party, even though Ibrahimovic seeks a declaration of rights on the scope of Medmarc's liability coverage of Zimmerman, its insured. Medmarc answered the complaint, filed a counterclaim, and filed a third-party complaint joining Zimmerman as a third-party defendant. The plaintiff filed a motion for summary judgment alleging that Medmarc waived the right to rely on its exclusion by not specifying that ground in its reservation of rights, Medmarc is estopped from denying coverage based in part on representations to Zimmerman by its insurance adjuster, and the policy exclusions should be construed in favor of coverage. The Court scheduled the motion for oral argument on December 21, 2009.

The Court questions whether (1) Zimmerman is named properly as a third-party defendant; (2) the parties are properly aligned; (3) the Court has subject-matter jurisdiction under a proper alignment of the parties; and (4) the Court ought to exercise its discretionary jurisdiction under the Declaratory Judgment Act. Federal Rule of Civil Procedure 14, which governs third-party practice, allows joinder of "a nonparty who is or may be liable to [the third-party plaintiff] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). As the Sixth Circuit recently explained, "Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Am. Zurich Ins. Co.*

*v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citing *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)). It appears to the Court that Medmarc's claim against Zimmerman would not meet the criteria required under Rule 14.

On the other hand, Zimmerman probably is a necessary party and should have been joined by the plaintiff as a defendant in the present action. If that were the case, complete diversity may not exist, and the Court would not have subject-matter jurisdiction under 28 U.S.C. § 1332.

If the Court has subject matter jurisdiction, there still is a question whether the Court ought to exercise its jurisdiction to entertain this action for a declaratory judgment. Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention. "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest [s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colo. River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061,

1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)).

The Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous Cas.*, 373 F.3d at 812 (quoting *Manley*, 791 F.2d at 463); *see also AM South Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004) (citing 10B Wright, Miller & Mary Kay Kane § 2765 at 638 (3d ed. 1998)) ("[I]t is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of non-liability."). However, "[t]hat is not to say that there is a per se rule against exercising jurisdiction in actions involving insurance coverage questions." *Bituminous Cas.*, 373 F.3d at 812-13. Instead, several factors have been articulated by the Sixth Circuit to be considered by a district court faced with a complaint seeking relief under the declaratory judgment act:

> 1) whether the declaratory action would settle the controversy;
>
> 2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata."
>
> 4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> 5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984); *see also Bituminous Cas.*, 373 F.3d at 814-15, *Roumph*, 211 F.3d at 968.

The Court believes that the parties should have an opportunity to address these procedural and jurisdictional issues before the Court decides them.  Therefore, the Court will allow the parties to file supplemental briefs discussing the four issues noted above.

Accordingly, it is **ORDERED** that the parties may file supplemental briefs discussing whether (1) Zimmerman is named properly as a third-party defendant; (2) the parties are properly aligned; (3) the Court has subject-matter jurisdiction under a proper alignment of the parties; and (4) the Court ought to exercise its discretionary jurisdiction under the Declaratory Judgment Act, as elaborated above, **on or before January 18, 2010**.  The supplemental briefs may not exceed 15 pages.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: December 22, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 22, 2009.

                              s/Teresa Scott-Feijoo
                              TERESA SCOTT-FEIJOO